**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01681-RMR

YOHEBER ALEXANDER PINEDA MORILLO,

      Petitioner,

v.

JUAN BALTASAR, Warden, Denver Contract Detention Facility,
KELEI WALKER, ICE Denver Acting Office Field Director,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, Acting Attorney General of the United States, and
MICHAEL W. BANKS, Chief, U.S. Border Patrol,

      Respondents.

---

**ORDER**

---

      Pending before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, Petitioner's Emergency Motion for Temporary Restraining Order ("TRO"), ECF No. 2 and Petitioner's Motion for Order to Show Cause, ECF No. 3. Respondents filed a Response to Order to Show Cause, ECF No. 10.[1] The Court has reviewed the Petition, the Motions, the related briefing, and the applicable case law. As the briefing demonstrates, Petitioner's challenge is fundamentally

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), George Valdez was substituted for Kelei Walker as the Acting Field Office Director, Denver Field Office, United States Immigration and Customs Enforcement in the Response (ECF No. 10).

legal in nature, and, for the reasons outlined below, the Court **GRANTS** the relief requested.

Petitioner is a 31-year-old citizen of Venezuela with a wife and two children. ECF No. 1 at 8. Petitioner and his family entered the United States on September 3, 2023, to seek asylum due to fear of persecution. *Id*. Petitioner and his family were processed and released on recognizance. *Id.* On September 2, 2024, Petitioner's wife filed for asylum with Petitioner and their children as derivatives. *Id.* On March 16, 2026, Petitioner was detained by ICE agents while at work. *Id.* Petitioner has not been convicted of any crime. *Id*. at 9. Petitioner remains in ICE custody at the Denver Contract Detention Facility in Aurora. *Id.*

Petitioner asserts constitutional and statutory claims, *see* ECF No. 1 at 14–22, seeking a bond hearing or immediate release, *see generally id.* This request for relief, and the legal claims and arguments upon which it's premised, are familiar to the Court and the parties. Petitioner contends that he is being improperly subjected to mandatory detention under 8 U.S.C. § 1225(b)(2) and requests that the Court issue "a writ of habeas corpus ordering Respondents release Petitioner immediately." *Id.* at 23. As Respondents acknowledge, the issue presented here is "not materially different from an issue this Court has resolved in a prior ruling in another case," ECF No. 10 at 2 (citing *Mendoza Gutierrez v. Baltazar, et al.*, 25-cv-02720-RMR (D. Colo.)), and the facts Petitioner presents are "not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)," *Id.* at 4.

2

Indeed, like in *Mendoza Gutierrez*, Petitioner has resided in the United States for over two years. ECF No. 1 at 2. And, also like in *Mendoza Gutierrez*, Petitioner is being held in civil immigration detention and denied the opportunity for a bond hearing based on the government's assertion that, despite his long-term residence in the United States, Petitioner is an "applicant for admission" to the United States and must therefore be subject to mandatory detention under either 8 U.S.C. § 1225(b)(1) or § 1225(b)(2). *See* ECF No. 10 at 3. As Respondents anticipate in their response brief, these similarities are sufficient to "lead the Court to reach the same result here" as it did in *Mendoza Gutierrez*. *Id.* at 4. The Court thus adopts that reasoning in full here, *see Mendoza Gutierrez*, 2025 WL 2962908, at *5-9 (analyzing the plain language, legislative history, and past practice of § 1225 compared to § 1226 and determining "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years") and once more joins the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position.[2] *See also Cunha v. Freden*, No. 25-3141-PR, 2026 WL

---

[2] *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D2 Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltazar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at *1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800;*Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025);*Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025);*Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL

1146044, at *5 (2d Cir. Apr. 28, 2026) ("In sum, Section 1226(a) plainly applies to noncitizens, like Petitioner, who are present in the United States, but charged as inadmissible for entering the country without inspection and admission."); *Id.* at *13 ("[W]e find no basis to justify departing from the unambiguous meaning of the text, under which Petitioner is not subject to mandatory detention, because he is not 'seeking admission' under Section 1225(b)(2)(A)."); *Juan Manuel Lopez-Campos, et al. v. Kevin Raycraft, et al.,* No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026) ("And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226.")

Like *Mendoza Gutierrez*, the Court believes that the appropriate remedy is immediate release, but for different reasons. The Court agrees with the Honorable Charlotte N. Sweeney that, with these particular facts, ordering a § 1226 bond hearing is not the appropriate remedy because "immigration officials have already determined that Petitioner is not a flight risk or danger to the community, as required by 8 U.S.C. § 1226(a)" when they invoked 8 U.S.C. § 1226 to release him on an Order of Release on Recognizance in 2023. *Singh v. Baltazar*, No. 1:26-CV-00336-CNS, 2026 WL 352870, at *3 (D. Colo. Feb. 9, 2026).[3] Indeed, if "[Petitioner] was deemed an applicant for admission

---

2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

[3] The Court also agrees with the Honorable Charlotte N. Sweeney's analysis of, and holding that, the Fifth Circuit's opinion in *Buenrostro-Mendez v. Bondi*, No. 25-20496, —— F.4th ———, ————, 2026 WL 323330, at *5 (5th Cir. Feb. 6, 2026) does not compel a different outcome. *See* Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870, at *3 (D. Colo. Feb. 9, 2026)

by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) at the time he was initially apprehended. It did not do so. Instead, [Petitioner] was released on his own recognizance . . . based expressly on § 1226," which was "the *only* basis cited for [Petitioner's] release." *Id.* (quoting *Singh v. Bondi*, No. 1:25-v-02101-SEB-TAB, 2025 WL 3029524, at *5 (S.D. Ind. Oct. 30, 2025)); ECF No. 1-3 at 11-12 (Petitioner's September 5, 2023, Order of Release on Recognizance).[4] In such circumstances, where Respondents have already determined that it is proper to release Petitioner under § 1226, the Court sees no reason to prolong Petitioner's detention now. *See, e.g.*, *Valera v. Baltazar*, No. 1:25-cv-03744-CNS, 2025 WL 3496174, at *3 (D. Colo. Dec. 5, 2025) (ordering noncitizen's immediate release where Respondents have already determined that the noncitizen is neither a flight risk nor a danger to the community).

## I.     CONCLUSION

For the reasons set forth above, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose on Petitioner any additional conditions of release

---

[4] *See also Singh*, 2025 WL 3029524, at *5–6 ("Under § 1225, the government's options were limited to removal or detention pending review by an asylum officer. The fact that the government's release of [Petitioner], on his own recognizance, was based on § 1226 is strong evidence that he currently remains subject to § 1226, rather than § 1225. The facts of [Petitioner's] redetention make clear that his custody is based on § 1226," because a noncitizen " 'cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226.' " (citing *Lopez Benitez v. Francis*, 795 F.Supp.3d 475, 485 (S.D.N.Y. 2025)).

or supervision beyond those Petitioner was subject to in connection with Petitioner's 2023 Order of Release on Recognizance.

Additionally, Respondents SHALL FILE a status report within TWO DAYS of this Order certifying compliance. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time, and Petitioner's TRO, ECF No. 2 and Petitioner's Motion for Order to Show Cause, ECF No. 3, are both **DENIED AS MOOT**.

DATED: May 15, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

6